UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WANDA GORDON,

    Plaintiff,

v.   Case No.: 2:23-cv-864-SPC-NPM

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Wanda Gordon's Motion to Remand (Doc. 16), along with Defendant Wal-Mart Stores East, LP's opposition (Doc. 17).[1] This is a slip-and-fall negligence action that started in state court. Defendant removed based on diversity jurisdiction. (Doc. 1). But Plaintiff moves to return to state court.

A defendant may remove a civil case from state court if it can show diversity jurisdiction (by a preponderance of the evidence) as of the date of removal. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citations omitted). Diversity jurisdiction exists if the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are diverse

---

[1] Defendant also moves to strike Plaintiff's motion for not following Local Rule 3.01(g). Although the Court cannot overstate the importance of Local Rule 3.01(g) in avoiding needless litigation, it will consider the motion and Defendant's response on the merits. The Court thus denies striking the motion.

citizens. *See* 28 U.S.C. § 1332(a). Removal must occur within thirty days of the initial pleading, or if removable later, based on "an amended pleading, motion, order or other paper." 28 U.S.C. § 1446(b)(1), (3).

Plaintiff argues Defendant's removal on October 10, 2023,[2] was untimely. According to Plaintiff, Defendant knew the amount in controversy exceeded $75,000 months before removal (August 1) because of the injuries she has suffered, documents Defendant had showing her past medical expenses totaled $69,007.20, and her settlement demand. Defendant argues it tried to confirm the amount in controversy via a request for production, but Plaintiff offered a vague response. So Defendant explains that it waited for Plaintiff to confirm the amount in controversy, which she did on September 21. The confirmation being a billing summary showing past medical bills through July 27, to be $64,614.00. (Doc. 1-6). Defendant also received an unspecified settlement demand on the same date.

After considering the record against the applicable law, Defendant's removal is untimely. Defendant's argument fails to acknowledge it possessed significant pre-suit medical bills and a settlement demand long before September 21. For example, Defendant had a $150,000 settlement demand and a $45,550 Coastal Health Group bill before this suit was filed in state

---

[2] Unless otherwise noted, all dates referenced in this Opinion and Order occurred in 2023.

court. (Doc. 16 at 9). Then in late July, Plaintiff responded to interrogatories that confirmed three points:

- her alleged injuries included "low back, left hip, left knee, left shoulder, aggravated [her] neck from a previous injury, numb feet and toes, headaches that cause [her] to vomit, and [her] body is sore"

- she makes neither a loss of income or earning capacity claim

- a doctor recommended surgery on the nerve hitting her spine to alleviate pain

(Doc. 1-5 at 3). And between July 26 and August 1, Plaintiff produced records showing more medical bills totaling $14,395.20 and $8,800. (Doc. 16 at 8-9). This information was enough to trigger the removal clock.

To the extent that Defendant argues that Plaintiff is suggesting future potential bills supported an earlier removal (because "Walmart is a sophisticated litigant"), the Court is not convinced. (Doc. 16 at 5). The *past* medical records show Plaintiff would have met the threshold for removal by the time the initial pleading was filed. *See Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 482 (11th Cir. 2005) (finding that quantified damages of $66,678.65 combined with future expected medical bills "might well exceed the jurisdictional amount"); *but cf. Beauliere v. JetBlue Airways Corp.*, No. 20-CIV-60931-RAR, 2020 WL 6375170, at *4 (S.D. Fla. Oct. 29, 2020) (Plaintiff seeks only $32,607.27 for past medical expenses and no other damages are specified justifying remand).

At bottom, the Court finds, by a preponderance of the evidence, that Plaintiff has shown Defendant had significant quantifiable information to determine removability before September 21, and that the removal was untimely.

Accordingly, it is

**ORDERED:**

1. Plaintiff Wanda Gordon's Motion for Remand (Doc. 16) is **GRANTED.**

2. The Clerk is **DIRECTED** to send a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Hendry County, Florida.

3. The Clerk is **DIRECTED** to terminate any deadlines, deny any motions as moot, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 12, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record